**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NORTHSTAR SYSTEMS LLC, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| PANASONIC CORPORATION and | ) | |
| PANASONIC CORPORATION OF | ) | |
| NORTH AMERICA, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NorthStar Systems LLC ("NorthStar" or "Plaintiff") for its Complaint against Defendants Panasonic Corporation and Panasonic Corporation of North America, Inc. (collectively, "Panasonic" or "Defendants") alleges as follows:

**THE PARTIES**

1.     NorthStar is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Marshall, Texas 75670.

2.     Upon information and belief, Panasonic is a corporation organized and existing under the laws of Japan, with a principal place of business located at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.  Upon information and belief, Panasonic does business in Texas and in this Judicial District, directly or through intermediaries.

3.     Upon information and belief, Panasonic Corporation of North America, Inc. is a New Jersey corporation with its principal place of business located at Two Riverfront Plaza, Newark, New Jersey 07102-5490, United States, and may be served with process through its

registers agent CT Corporation System and 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Upon information and belief, Panasonic Corporation of North America is wholly-owned subsidiary of Panasonic Corporation.  Upon information and belief, Panasonic Corporation of North America, Inc. maintains a regular and established place of business within this Judicial District at offices including at least 3461 Plano Parkway, The Colony, Texas 75056.  Upon information and belief, Defendants employ individuals in this Judicial District involved in the sales and marketing of its products.

## JURISDICTION

4.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Defendants.  Defendants regularly conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

6.    Venue is proper in this Judicial District with respect to Panasonic Corporation pursuant to 28 U.S.C. § 1391 because, among other things, Panasonic is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).  Venue is proper in this Judicial District with respect to Panasonic Corporation of North America, Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Panasonic Corporation of North America, Inc. is subject to personal jurisdiction in this Judicial District, has a regular and established place of business in this Judicial District, has purposely transacted business involving

the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District.

7.      Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

8.      On September 2, 2003, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,614,349 (the "'349") entitled "Facility and Method for Tracking Physical Assets".   A true and correct copy of the '349 Patent is available at: http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=6614349.

9.      On May 24, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,839,432 (the "'432 Patent") entitled "Detector Selection for Monitoring Objects".   A true and correct copy of the '432 Patent is available at: http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7839432.

10.     On February 5, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,327,312 (the "'312 Patent") entitled "Position Privacy in an Electronic Device".   A true and correct copy of the '312 Patent is available at: http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7327312.

11.     On October 19, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,817,085 (the "'085 Patent") entitled "Position Privacy in an

Electronic Device". A true and correct copy of the '085 Patent is available at: http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=7817085.

12. On September 6, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,014,797 (the "'797 Patent") entitled "Location Information System for a Wireless Communication Device and Method Therefore". A true and correct copy of the '797 Patent is available at: http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8014797.

13. On March 28, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,609,283 (the "'283 Patent") entitled "Mobile Unit Communication Via A Network". A true and correct copy of the '283 Patent is available at: http://pdfpiw.uspto.gov/.piw?PageNum=0&docid=9609283.

14. NorthStar is the sole and exclusive owner of all right, title, and interest in the '349 Patent, the '432 Patent, the '312 Patent, the '085 Patent, the '797 Patent, the '254 Patent, and the '283 Patent (the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. NorthStar also has the right to recover all damages for past infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

15. The '349 Patent generally discloses systems and methods that employ monitoring and tracking inventory through the use of a wireless communication system. The technology described in the '349 Patent was developed by Rod L. Proctor and Andrew J. Rimkus. By way of example, this technology is implemented in the Panasonic Logiscend System.

16. The '432 generally discloses a method for observing an object with a visual data, using at least two detectors, to extrapolate a predicted future location. The technology described

in the '432 Patent was developed by Dennis Sunga Fernandez and Irene Hu Fernandez.  By way of example, this technology is implemented in the Panasonic Logiscend System.

17.    The '312 Patent generally discloses methods for a remote server to process and send location information regarding a local element.  The technology described in the '312 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented in the Panasonic Logiscend System.

18.    The '085 Patent general discloses a privacy enhancement device and methods for electronic devices.  The technology described in the '085 Patent was developed by Scott C. Harris. By way of example, this technology is implemented today in handheld devices that perform a method that stores navigation information on a user interface, including, but not limited to, smartphones and tablets with location storing and navigation capabilities, such as the Panasonic Toughbook S1.

19.    The '797 Patent generally discloses a method for location information using wireless communication in a facility.  The technology described in the '797 Patent was developed by Patrick J. Walsh and Kevin Daniel Kaschke.  By way of example, this technology is implemented in the Panasonic Logiscend System.

20.    The '283 Patent generally discloses a network system for monitoring and transmitting information regarding remote objects.  The technology described in the '283 Patent was developed by Dennis Sunga Fernandez and Irene Hu Fernandez.  By way of example, this technology is implemented today in visual recognition software systems that receive images from surveillance cameras, as well as asset tracking systems using visual information, including the Panasonic FacePRO and Panasonic Logiscend System, among other products.

21.     Panasonic infringed the '349 Patent, the '432 Patent, the '797 Patent, and the '312 Patent by making, offering to sell, selling, importing, and/or using asset tracking systems and methods deployed throughout the Panasonic Logiscend System as well as Panasonic's supply chain (*e.g.*, warehousing, logistics, and retail spaces).

22.     Panasonic infringed the the '085 Patent by making, offering to sell, selling, importing, and/or using handheld devices that utilize location services.

23.     Panasonic has infringed and is continuing to infringe the '283 Patent by making, offering to sell, selling, importing, and/or using visual recognition systems that receive images from surveillance cameras, including the Panasonic Logiscend System and Panasonic FacePRO, among other products.

### COUNT I
### (Infringement of the '349 Patent)

24.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

25.     NorthStar has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '349 Patent.

26.     Defendants infringed the '349 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '349 Patent.  Such products include the Panasonic Logiscend System as well as methods used within Panasonic's supply chain.

27.     For example, Defendants have directly infringed at least claim 1 of the '349 Patent by making, offering to sell, selling, importing, and/or using in the United States products such as the Panasonic Logiscend System which employs multiple asset tracking systems, such as RFID, visual, and barcode tracking:

**It's simple.** Traditional paper labeling provides simple visual instruction, but with minimal tracking and automation. RFID provides the tracking but fails to provide the visual instruction or two-way communication/verification necessary for workers. The Logiscend system combines these elements to form a powerful new paradigm – instruct + track + dynamic control – enabling smart manufacturing for an IoT world.

| | VISUAL | TRACKABLE | TWO-WAY COMMUNICATION |
|---|---|---|---|
| Paper/Barcode | ✗ | | |
| RFID | | ✗ | |
| Logiscend | ✗ | ✗ | ✗ |

| VIEW Tag = e-paper + RFID | Build Smart Containers | Locate/Track Material Flows | Control in Real-Time with Software |
|---|---|---|---|
| VISUAL | DYNAMIC | WIRELESS | INTELLIGENT |

✔ Containers display latest instructions

✔ Hands-free and wireless for operators

✔ Software runs as standalone, or integrates with MES/ERP

[1]

---

[1] https://logiscend.panasonic.com/wp-content/uploads/2021/08/Panasonic_Logiscend-Solutions-Brochure_v0721_DESKTOP_1.pdf.





---
2 https://logiscend.panasonic.com/logiscend/.
3 *Id.*



28.     For example, the Panasonic Logiscend System performs a method of monitoring an inventory of assets, each having a communication module. The Panasonic Logiscend System performs the step of providing a facility having a first wireless communication system operable to communicate with each module (*i.e.,* an RFID communication system). The Panasonic Logiscend System performs the step of generating a first communication between the first system and each module. Based on the communication, the Panasonic Logiscend System performs the step of establishing an inventory of assets in the facility (*i.e.* RFID readers generating a list of nearby assets). Based on the inventory, the Panasonic Logiscend System performs the step of identifying a missing asset absent from the facility. Upon information and belief, Panasonic Logiscend System, performs the step of generating a second communication via a second communication system operating outside of the facility.

---

[4] https://logiscend.panasonic.com/.

29.     NorthStar has suffered damages as a result of Defendants' infringement of the '349 Patent in an amount to be proved at trial.

## COUNT II
### (Infringement of the '432 Patent)

30.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

31.     NorthStar has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '432 Patent.

32.     Defendants infringed the '432 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '432 Patent. Such products include the Panasonic Logiscend System as well as methods used within Panasonic's supply chain.

33.     For example, Defendants have directly infringed at least claim 19 of the '432 Patent by making, offering to sell, selling, importing, and/or using in the United States products such as the Panasonic Logiscend System which employs multiple asset tracking systems, such as RFID, visual, and barcode tracking.

34.     For example, the Panasonic Logiscend System performs a method of selecting a first detector based at least in part on a first observation range, wherein the first detector is configured to observe an object in the first observation range, and wherein the first detector is configured to detect visual data associated with the object. Upon information and belief, the Panasonic Logiscend System performs the step of determining a movement vector of a movement of the object based at least in part on the visual data and object data received from a mobile unit physically associated with the object. Upon information and belief, the Panasonic Logiscend System performs the step of selecting a second detector based at least in part on the movement

vector and a second observation range associated with the object, wherein the first detector is configured to extrapolate a predicted future location of the object and hand-off observation of the object to the second detector in response to selecting the second detector. For example, the Panasonic Logicsend solution performs "Asset Tracking" which tracks, counts, and records statuses of assets. The system is an "intelligent, customizable, industrial IoT solution" that "eliminates manual inventory management costs" and "tracks assets in real-time."[5]

35.     NorthStar has suffered damages as a result of Defendants' infringement of the '432 Patent in an amount to be proved at trial.

## COUNT III
### (Infringement of the '312 Patent)

36.     Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

37.     NorthStar has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '432 Patent.

38.     Defendants infringed the '312 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '312 Patent. Such products include the Panasonic Logiscend System as well as methods used within Panasonic's supply chain.

39.     For example, Defendants have directly infringed at least claim 23 of the '312 Patent by making, offering to sell, selling, importing, and/or using in the United States products that include the Panasonic Logiscend System which employs multiple asset tracking systems, such as RFID, visual, and barcode tracking.

---

[5] https://logiscend.panasonic.com/wp-content/uploads/2021/08/Panasonic_Logiscend-Solutions-Brochure_v0721_DESKTOP_1.pdf

40.     For example, the Panasonic Logiscend System performs the step of acquiring information about a local area, from a client that is located in the local area.  The Panasonic Logiscend System performs the step of sending the information about the local area over a data channel to a remote server.  Upon information and belief, the Panasonic Logiscend System performs the step of using the information from the remote server to determine a position of the local area.  Upon information and belief, the Panasonic Logiscend System performs the step of returning information indicative of the position of the local area, to the client in the local area.  For example, the Panasonic Logicsend solution performs "Asset Tracking" which tracks, counts, and records statuses of assets.  The system is an "intelligent, customizable, industrial IoT solution" that "eliminates manual inventory management costs" and "tracks assets in real-time."[6]  The Logicsend software further integrates into MES systems and includes a "Powerful PostreSQL database for archived data to provide segmentation with live SQL database" and "BLE enabled Real Time Location System "RTLS" for high accuracy location tracking of assets."  *Id.*

41.     Defendants have indirectly infringed one or more claims of the '312 Patent by knowingly and intentionally inducing others, including Panasonic customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

42.     Defendants directly infringed one or more claims of the '312 Patent with knowledge that the of the infringing technology at least early as May 3, 2018.[7]

---

[6] https://logiscend.panasonic.com/wp-content/uploads/2021/08/Panasonic_Logiscend-Solutions-Brochure_v0721_DESKTOP_1.pdf
[7] The '312 Patent was cited directly against Panasonic's own U.S. Patent Application No. 2018/0124586, which was published on May 3, 2018.

43.    Defendants induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '312 Patent

44.    NorthStar has suffered damages as a result of Defendants' infringement of the '312 Patent in an amount to be proved at trial.

**COUNT IV**
**(Infringement of the '085 Patent)**

45.    Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

46.    NorthStar has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '085 Patent.

47.    Defendants infringed the '085 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '085 Patent. Such products include smartphones and tablets with location storing and navigation capabilities, such as the Panasonic Toughbook S1, among other products.

48.    For example, Defendants have indirectly infringed at least claim 6 of the '085 Patent by making, offering to sell, selling, importing, and/or using in the United States products that include the Panasonic smartphones and tablets with location storing and navigation capabilities.

49.    For example, the Panasonic Toughbook S1 is a portable device, that performs the step of using position sensing parts to detect a current position of the portable device:





---



9

50.    The Panasonic Toughbook S1 performs the step of determining if a current position storing memory in the portable device has a position stored therein.  If the current position storing memory does not already have a position stored therein, the Panasonic Toughbook S1 performs the step of storing information indicative of the current position as a stored location in said current position storing memory.   The Panasonic Toughbook S1 performs the step of  detecting that position in said current position storing memory has been selected and automatically provides navigation information from a current position to said stored location.

51.    Defendants have and continue to indirectly infringe one or more claims of the '085 Patent by knowingly and intentionally inducing others, including Panasonic customers and end-users, to directly infringe, either literally  or under the doctrine of equivalents, by making, using,

---

9 https://na.panasonic.com/us/toughbook-s1.

offering to sell, selling, and/or importing into the United States products that include infringing technology.

52.    Defendants, with knowledge that these products, or the use thereof, infringed the '085 Patent at least as early as May 3, 2018[10], knowingly and intentionally induced direct infringement of the '085 Patent by providing these products to end-users for use in an infringing manner.

53.    Defendants induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '085 Patent.

54.    NorthStar has suffered damages as a result of Defendants' infringement of the '085 Patent in an amount to be proved at trial.

## COUNT V
### (Infringement of the '797 Patent)

55.    Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

56.    NorthStar has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '797 Patent.

57.    Defendants infringed the '797 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '797 Patent. Such products include the Panasonic Logiscend System as well as methods used within Panasonic's supply chain.

---

[10] The '085 Patent was cited directly against Panasonic's own U.S. Patent Application No. 2018/0124586, which was published on May 3, 2018.

58.    For example, Defendants have directly infringed at least claim 1 of the '797 Patent by making, offering to sell, selling, importing, and/or using in the United States products that include the Panasonic Logiscend System which employs multiple asset tracking systems, such as RFID, visual, and barcode tracking.

59.    For example, the Panasonic Logiscend System uses a computer-implemented method, performed by a location information system, that performs the step of sending, at a processor of the location information system, location information over a short-range wireless communication channel to a wireless communication device present in a predetermined area in a facility, the location information informing the wireless communication device of a location of the wireless communication device in the facility; wherein the location information is sent to the wireless communication device from a location in the facility other than the location of the wireless communication device in the facility. For example, the Panasonic Logicsend solution performs "Asset Tracking" which tracks, counts, and records statuses of assets. The system is an "intelligent, customizable, industrial IoT solution" that "eliminates manual inventory management costs" and "tracks assets in real-time."[11] The Logicsend software further integrates into MES systems and includes a "Powerful PostreSQL database for archived data to provide segmentation with live SQL database" and "BLE enabled Real Time Location System "RTLS" for high accuracy location tracking of assets." *Id.*

60.    NorthStar has suffered damages as a result of Defendants' infringement of the '797 Patent in an amount to be proved at trial.

## COUNT VI
### (Infringement of the '283 Patent)

---

[11] https://logiscend.panasonic.com/wp-content/uploads/2021/08/Panasonic_Logiscend-Solutions-Brochure_v0721_DESKTOP_1.pdf

61.    Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

62.    NorthStar has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '283 Patent.

63.    Defendants have and continue to directly infringe the '283 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '283 Patent.  Such products include visual recognition software systems that receive images from cameras, including the Panasonic FacePRO as well as the Panasonic supply chain solutions, such as the Panasonic Logiscend System.

64.    For example, Defendants directly infringe at least claim 20 of the '283 Patent by making, offering to sell, selling, importing, and/or using in the United States systems and methods which employ visual recognition software systems that receive images from cameras, including but not limited to the Panasonic Logiscend System and the Panasonic FacePRO, among other products.

65.    For example, the Panasonic FacePRO employs network cameras to perform visual recognition:

Panasonic FacePRO is a software facial recognition system that uses deep learning technology. FacePRO receives images from connected Panasonic network surveillance cameras and matches faces either to a list of registered faces or detects unregistered faces. The software can adapt to different face orientations and facial wear like sunglasses or surgical masks. It can handle faces from a 45° horizontal angle or 30° vertical angle. Over time, it develops a user-accessible database of faces, which you can use to setup alarms, track subjects, and more. It provides detailed statistics, which give you important information like age, gender, and more. Register up to 10,000 faces out of the box or up to 30,000 faces with additional licenses. [12]

---

[12] https://www.ipphone-warehouse.com/panasonic-facepro-facial-recognition-software-p/wv-asf950w.htm.

66.    For example, the Panasonic FacePRO employs multiple cameras to track individuals using visual recognition:



67.    The Panasonic FacePRO performs the step of receiving, via a network, first visual data from a first mobile unit (*e.g.*, one or more devices that include one or more Panasonic network surveillance cameras).  The Panasonic FacePRO performs the step of receiving, via the network, second visual data from a second mobile unit (*e.g.*, one or more devices that include one or more Panasonic network surveillance cameras).  The Panasonic FacePRO performs the step of visually recognizing a first object of observation associated with the first visual data.  The Panasonic FacePRO performs the step of visually recognizing a second object of observation associated with

---

[13] https://www.youtube.com/watch?v=AjiaQqYPKt8&ab_channel=PanasonicConnectEurope.

the second visual data. The Panasonic FacePRO performs the step of verifying that the first visual data was received from the first object of observation visual data was received from the first object of observation in response to the visually recognizing the first object of observation. The Panasonic FacePRO performs the step of verifying that the second visual data was received from the second object of observation in response to visually recognizing the second object of observation. The Panasonic FacePRO performs the step of transmitting, via the network, the first visual data to the second mobile unit. The Panasonic FacePRO performs the step of transmitting, via the network, the second visual data to the first mobile unit, to facilitate visual communication between the first mobile unit and the second mobile unit.

68.    Defendants have and continues to indirectly infringe one or more claims of the '283 Patent by knowingly and intentionally inducing others, including Panasonic customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as robotic systems using image recognition and/or vision functionality.

69.    Defendants, with knowledge that these products, or the use thereof, infringe the '283 Patent at least as of July 13, 2010[14], knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '283 Patent by providing these products to end users for use in an infringing manner.

70.    Defendants have and continue to infringe and induce infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with

---

[14] The '283 Patent family was cited against Panasonic's own U.S. Patent Application No. 11/818493, which issued as U.S. Patent No. 7,756,602 on July 13, 2010.

the belief that there was a high probability that others, including end users, infringe the '283 Patent, but while remaining willfully blind to the infringement.

71.    NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '283 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NorthStar prays for relief against Defendants as follows:

a.    Entry of judgment declaring that Defendants have directly infringed one or more claims of each of the Patents-in-Suit;

b.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

c.    An order awarding damages sufficient to compensate NorthStar for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.    Entry of judgment declaring that this case is exceptional and awarding NorthStar its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e.    Such other and further relief as the Court deems just and proper.

Dated: May 27, 2022                    Respectfully submitted,

                                       /s/ Vincent J. Rubino, III
                                       Alfred R. Fabricant
                                       NY Bar No. 2219392
                                       Email: ffabricant@fabricantllp.com

Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Ave., Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
830 Morris Turnpike
Short Hills, NJ, 07078
Telephone: (973) 535-0920
Facsimile (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF,
NORTHSTAR SYSTEMS LLC**